IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:08CR60-WHA |
| | ) | |
| DAVID HAROLD STOKES | ) | |

**<u>ORDER</u>**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 3, 2008.  For the following facts and reasons, the court concludes that the defendant should be detained pending trial in this case.

The court finds the defendant eligible for detention because there is probable cause to believe that the defendant has committed an offense which involves the possession of a firearm as that term is defined in 18 U.S.C. § 921.  As explained below there is a serious risk that the defendant will endanger the safety of another person or the community.

I find that the credible testimony and information including the Pretrial Services Report submitted at the hearing establishes by clear and convincing evidence as follows: the defendant is an admitted user of illegal drugs and has a significant history of alcohol abuse.  In conjunction with his substance abuse, the defendant has a significant history of violence including convictions for or charges of assault, menacing, and discharging a weapon into an occupied building.  The defendant has three prior DUI convictions as well as several misdemeanor drug convictions.  At the time of the commission of the offense with which he is charged in this court he was released on bond by state officials pending further proceedings on a charge of attempted murder.  As to the attempted murder charge,

the defendant was released on bond on April 19, 2007, but his bond was revoked on July 6, 2007. He was again released on bond on November 15, 2007. In addition to this charge he is also facing charges in the same Alabama county of cocaine possession and assault in the first degree.

As required by the Bail Reform Act, the court has considered whether there are any conditions of release which would protect other persons and the community. During the detention hearing, the defendant presented evidence that he could reside and receive treatment at a faith-based treatment facility which serves Covington and Coffee counties in Alabama. However, the evidence shows that at this facility there are no psychologists or licensed counselors or social workers. The facility is not secure and residents are told that they may leave the facility if they want to leave. The facility has only six staff members, and at night only one or at most two staff members are present. In short, while the work of this facility is laudable, the court finds it does not provide a sufficiently secure environment for the defendant.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will protect the community and that the defendant should be detained. In reaching this conclusion, the court has carefully considered as required by 18 U.S.C. § 3142(g) the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant as set forth in the Pretrial Services Report as well as the evidence adduced at the hearing and the nature and seriousness of the danger to any person or the community

that would be posed by the defendant's release.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done this 3rd day of April, 2008.


           /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE

.